**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Flanigan,, <br><br> Plaintiff, <br><br> v. <br><br> OneWest Bank, F.S.B., et al., <br><br> Defendants. | No. CV-13-08150-PCT-DGC <br><br> **ORDER** |

On June 11, 2013, Defendants OneWest Bank, F.S.B. ("OneWest") and Federal National Mortgage Association ("Fannie Mae") removed this action from the Coconino County Superior Court. Doc. 1. Defendants filed a motion to dismiss on June 18, 2013. Doc. 5. Plaintiff Patrick Flanigan filed a motion to remand on July 9, 2013, claiming, among other things, that Defendants' removal petition was untimely. Doc. 9. Plaintiff's motion has been fully briefed. Docs. 13, 16. For the reasons stated below, the Court will grant Plaintiff's motion and remand this case to the Coconino County Superior Court.

**I.    Legal Standards.**

   **A.    Removal Jurisdiction.**

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court in the district where the action is pending. 28 U.S.C. 1441(a). Courts strictly construe the statute against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *California Ex Rel. Lockyer v. Dynegy,*

*Inc.*, 375 F.3d 831, 838 (9th Cir 2004). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566.

### B.   Notice Requirement.

Defendants desiring to remove a civil action must file a notice of removal in the district court. *Id.*, § 1446(a). "The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.*, § 1446(b). Where the plaintiff does not waive his objections, "the time limit is mandatory[,] and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co*, 615 F.2d 1209, 1212 (9th Cir. 1980); *Kuxhausen v. BMW Financial Servs. NA, LLC.*, 1136, 1142, n.4 (9th Cir. 2013) (quoting *Fristoe*); *see also N. Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) ("While the time limitation imposed by § 1446(b) is not jurisdictional, . . . it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." (internal citations omitted); *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (same).

## II.   Discussion.

Plaintiff argues that Defendants' removal petition was untimely because it was not filed within 30 days of service of the summons and complaint. Doc. 9 at 2. Defendants' removal petition is ambiguous about when they received service. It alleges the following: "According to the Affidavit of Service, Plaintiff served Defendants on May 3, 2013. However, upon information and belief, Defendants did not receive a copy of the Summons and First Amended Complaint on May 3, 2013." Doc. 1, ¶ 5. Defendants acknowledge in their response that Plaintiff filed two affidavits of service, the first alleging that OneWest was served on May 3, 2013, and the second alleging that Fannie Mae was served on May 6, 2013. Doc. 13 at 2. The copy of the summons attached to Defendants' removal petition along with the complaint is signed by the Clerk of the

Superior Court on May 2, 2013, and it is stamped with a receipt date of May 8, 2013. Doc. 1-3 at 3. Because all the evidence put forth regarding Defendants' receipt of the summons and complaint indicates receipt dates more than 30 days before Defendants filed their petition for removal, and Defendants have not asserted either in their petition or their response when they actually received the summons and complaint, the Court finds that Defendants have failed to meet their burden of showing that their petition was timely. *Gaus,* 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal citation omitted). The Court will grant Plaintiff's motion to remand.[1]

**IT IS ORDERED:**

1. Plaintiff Patrick Flanigan's motion to remand (Doc. 9) is **granted**.
2. This case is **remanded** to the Coconino County Superior Court.
3. The Clerk of Court is directed to **terminate** this action.

Dated this 13th day of August, 2013.

_____
David G. Campbell
United States District Judge

---

[1] Because the Court finds that Defendants have failed to show that their removal petition was timely, it need not address Plaintiff's additional arguments for remand.